**UNITED POWER TRADES ORGANIZATION,**
Petitioner

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 10–1065.

United States Court of Appeals, District of Columbia Circuit.

April 1, 2011.

Thomas Fritz Muther, Jr., Minahan & Muther, P.C., Denver, CO, for Petitioner.

Joyce Gayl Friedman, Esquire, Rosa M. Koppel, William Reed Tobey, Esquire, Deputy Solicitor, Federal Labor Relations Authority, Washington, DC, for Respondent.

Before: SENTELLE, Chief Judge, GINSBURG and BROWN, Circuit Judges.

### JUDGMENT

This petition for review was considered upon the briefs and the appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

In the order here under review, the Federal Labor Relations Authority properly upheld the arbitration award, concluding the U.S. Army Corps of Engineers, Northwestern Division, did not violate either its collective bargaining agreement (CBA) with the United Power Trades Organization (Union) or the relevant provisions of the Federal Service Labor Management Relations Statute, 5 U.S.C. §§ 7102, 7114, 7131, when it refused to grant official time to a District Vice President of the Union to perform representational services. The FLRA reasoned there is no statutory entitlement to perform on official time the type of representational services here at issue, and we defer to the Authority's reasonable interpretation of the Statute. *See Am. Fed. of Gov't Employees, AFL–CIO, Council of Locals No. 214 v. FLRA,* 798

F.2d 1525, 1528 (D.C.Cir.1986) (citing *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). The FLRA also properly concluded the arbitration award did not fail to "draw its essence" from the CBA because the arbitrator's interpretation of the CBA was plausible. *See* § 7122(a)(2); *Brotherhood of Maintenance of Way Employees v. ICC*, 920 F.2d 40, 45 (D.C.Cir.1990) ("arbitrator's interpretation of the [CBA] is entitled to extreme deference") (citation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.